

GEORGE PATTON NELSON, III,

    Plaintiff,

v.     Civil Action No. **3:08CV603**

CATHY HILL, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate, brings this 42 U.S.C. § 1983 action, wherein he named Cathy Hill, C.T. Woody, and Cheryl Robinson as defendants.[1] The matter is before the Court on Plaintiff's failure to serve Defendant Hill and the motion to dismiss by Defendants Woody and Robinson. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. FAILURE TO SERVE DEFENDANT HILL

Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve the defendants within 120 days from the filing of the complaint or state good cause for his failure to do so. Here, with respect to Defendant Hill, that period commenced on November 4, 2008. By Memorandum Order entered on January 22, 2010, the Court directed Plaintiff, within twenty (20) days of the date of entry thereof, to show good cause for his failure to serve Defendant Hill. Plaintiff has not responded. Accordingly, Plaintiff's claims against Defendant Hill will be DISMISSED WITHOUT PREJUDICE.

---

[1] Defendant Hill was a nurse at the Richmond City Jail (hereinafter "the Jail"). Defendant Woody is the Sheriff for the City of Richmond. According to Plaintiff, Defendant Robinson is the Superintendent of the Jail Medical Department.

## II. THE MOTIONS TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).[2]

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim *showing that the pleader is entitled to relief,*' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added; second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. 1950. Thus, plaintiffs can not satisfy pleading requirements with complaints containing only "labels and conclusions" or a "formulaic

---

[2] For example, Plaintiff asserts that he "made the entire chain of command well aware of his serious medical condition and dire need of a doctor's care." (Am. Comp. 1-2.). "[T]he conclusory nature" of this allegation "disentitles [it] to the presumption of truth." *Iqbal*, 129 S. Ct. at 1951.

recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court will grant Plaintiff's motions to file additional evidence. (Docket Nos. 54, 57.) Nevertheless, the Court will not construct new claims or substantiate claims found in the amended complaint with allegations lurking in the host of submissions Plaintiff has deposited with the Court. *See Williams v. Harvey*, No. 4:05CV161, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006). Should Plaintiff wish the Court to consider such allegations, he must file an appropriate complaint that contains such allegations.

### A. Summary Of Allegations

In August and September of 2008, Plaintiff was incarcerated in the Jail on the medical tier. Plaintiff had an open wound on his right side. Between August 15, 2008, and August 30, 2008, Defendant Hill repeatedly refused Plaintiff's requests to clean and sanitize his wound. Plaintiff developed a staph infection. On August 30, 2008, Plaintiff's infected area had swollen to the size of two or three golf balls. The infected area burst and discharged blood and pus. Plaintiff attempted to clean his wound in the shower, but the showers on the medical tier were not working. On August 31, 2008, Defendant Hill examined Plaintiff's wound and gave Plaintiff the impression that the area was no longer infected. Defendant Hill placed a band-aid over the wound.

Over the next several days, Plaintiff continued to ask Defendant Hill to treat his infected wound. Plaintiff also submitted grievances and requests to see a doctor, but they went unanswered. On September 1, 2008, Plaintiff's infected area burst again, oozing blood and green discharge. Plaintiff's distress was observed by Deputy Obitaiye. At 12:17 a.m., Deputy Obitaiye called Nurse Williams and informed her of Plaintiff's condition. Nurse Williams told the deputy that Plaintiff should use his towel, which already was stained with discharge and blood, to cover the wound until Defendant Hill arrived for her shift that morning.

On September 2, 2008, Plaintiff met with Defendant Robinson. Defendant Robinson promised Plaintiff that a doctor would see him by September 5, 2008. Despite these assurances, Plaintiff was never seen or treated by a doctor until after he was released from the Jail on September 12, 2008. Upon his release, Plaintiff went to the Medical College of Virginia. Plaintiff was immediately treated with antibiotics for his staph infection. When Plaintiff

4

experienced another bloody discharge on September 15, 2008, he was provided with a stronger antibiotic.

**B.     Analysis**

The doctrine of *respondeat superior* is not applicable to 42 U.S.C. § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). In order to hold a particular defendant liable for a particular claim, a plaintiff must allege facts indicating how that defendant personally participated in the violation of the plaintiff's constitutional rights. *Id.* Furthermore, in order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[3] Deliberate indifference requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Plaintiff has failed to allege facts that suggest Defendant Woody actually knew of and was indifferent to any substantial risk of harm to his person. At best, Plaintiff suggests that Defendant Woody is liable because there is only one physician at the jail twice a week.[4] The amended complaint reflects that other medical personnel are regularly employed. Furthermore, Plaintiff does not allege facts indicating that Defendant Woody knew the lack of a full-time physician had resulted in injuries in the past. In light of these circumstances, Plaintiff has failed to allege facts that plausibly suggest the absence of a full-time physician at the Jail posed a

---

[3] Defendants Woody and Robinson do not dispute that the Plaintiff's infection constituted a serious medical need.

[4] Although Plaintiff complains that the shower did not work in the medical tier, he does not allege that Defendant Woody knew of this fact.

5

substantial risk of serious harm to the inmates, much less that Defendant Woody knew of that risk and disregarded it.[5] Accordingly, Plaintiff's claims against Defendant Woody will be DISMISSED.

The amended complaint reflects that, unlike Defendant Woody, Defendant Robinson knew of Plaintiff's infection. Plaintiff alleges that after he complained to her about his infection, she assured him that she would have him examined by a doctor by September 5, 2008. Defendant Robinson, however, never followed through in her promise to have Plaintiff examined by a physician. Nevertheless, Defendant Robinson insists that Plaintiff's claims against her should be dismissed because Plaintiff "does not allege that his failure to receive medical treatment resulted from a policy for which [she] was responsible." (Defs.' Mem. in Supp. of Mot. to Dismiss 4.)

The amended complaint reflects that Defendant Robinson is the superintendent of the Jail medical department. The allegations of the amended complaint reflect that Defendant Robinson was capable of securing Plaintiff an examination by a physician. A prison official who serves "'as a gatekeeper for other medical personnel capable of treating the condition' may be held

---

[5] To plead a claim for supervisory liability, a plaintiff must allege facts that plausibly suggest:
>(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). Plaintiff fails to allege facts in his amended complaint that plausibly suggest Defendant Woody had any knowledge of the purportedly deficient conduct of Defendants Hill and Robinson.

liable under the deliberate indifference standard if she 'delays or refuses to fulfill that gatekeeper role.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (*quoting Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)). Thus, Plaintiff has alleged sufficient personal involvement by Defendant Robinson with respect to Plaintiff's medical care.

Defendant Robinson persists that she did not act with deliberate indifference because she "put [Plaintiff] on the list to be seen by the Jail's doctor." (Defs.' Reply Mem. in Supp. of Mot. to Dismiss 3.) She is incorrect. The amended complaint reflects that she "promise[d]" Plaintiff that he would be seen by a doctor. (Am. Compl. 4.) There is no indication that she made any effort to fulfill this promise. Viewing the facts in the light most favorable to Plaintiff, Plaintiff has adequately alleged that Defendant Robinson knew Plaintiff has a serious need to be seen by a physician and simply disregarded that need. *See Bowens v. Cannon*, 175 F. App'x 635, 636 (4th Cir. 2006) (No. 05-7625) (*citing Martinez v. Garden*, 430 F.3d 1302, 1305 (10th Cir. 2005)), *available at* 2006 WL 980797, at *1; *Creech v. Nguyen*, No. 97-6925, 1998 WL 486354, at *7 (4th Cir. Aug. 7, 1998). Accordingly, Defendant Robinson's motion to dismiss will be DENIED.

The motion to dismiss (Docket No. 41) will be GRANTED IN PART AND DENIED IN PART. Any party wishing to file a dispositive motion, must do so within forty-five (45) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: MAR 1 7 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

7