

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GEORGE PATTON NELSON, III,

    Plaintiff,

v.                                                     Civil Action No. **3:08CV603**

CATHY HILL, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. In his amended complaint, Plaintiff named Cathy Hill, C.T. Woody, and Cheryl Robinson as defendants.[1] By Memorandum Opinion and Order entered on March 17, 2010, the Court dismissed Plaintiff's claims against Defendants Hill and Woody. The matter is before the Court on Plaintiff's second motion to amend his complaint to add Undersheriff Pruitt as a defendant and Plaintiff's motion for an injunction.

### A.    Plaintiff's Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). The United States Court of Appeals for the Fourth Circuit has emphasized that a delay in bringing a proposed amendment, by itself, is not a sufficient reason to deny leave to amend. *See Edwards v. City of Goldsboro*,

---

[1] Defendant Hill was a nurse at the Richmond City Jail (hereinafter "the Jail"). Defendant Woody is the Sheriff for the City of Richmond. According to Plaintiff, Defendant Robinson is the Superintendent of the Jail Medical Department.

178 F.3d 231, 242 (4th Cir. 1999) (*citing Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Under the letter and the spirit of Rule 15(a), "'leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Id.* at 242 (*quoting Johnson*, 785 F.2d at 509).

Defendant Robinson opposes the motion to amend on the grounds that permitting the amendment would be futile because Plaintiff has failed to allege sufficient facts to state a claim against Undersheriff Pruitt.[2] According to Plaintiff, Undersheriff Pruitt was in charge of the medical tier where Plaintiff was housed at the Richmond City Jail. (2d Am. Compl. Part IV ¶ d.) Plaintiff wrote Pruitt a detailed letter wherein he described his deteriorating medical condition and the lack of adequate medical care he had received for that condition. (2d Am. Compl. Part IV ¶¶ a-d; 2d Am. Compl. Attachs. 5-6.) There is no indication that Pruitt took any action in response to that letter.

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[3] Deliberate indifference requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S.

---

[2] Defendant Robinson does not direct the Court to a decision from another court that had concluded allegations similar to those raised by Plaintiff with respect to Pruitt are insufficient to state a claim.

[3] Defendant Robinson does not dispute that the Plaintiff's infection constituted a serious medical need.

825, 837 (1994). Here, Plaintiff has alleged that he informed Pruitt by letter of the inadequate medical care he was receiving. "[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance v. Peters*, 97 F.3d 987, 993-94 (7th Cir. 1996) (*citing Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996)). At this stage, Plaintiff's allegations are sufficient to indicate that Pruitt knew of Plaintiff's condition, was in a position to do something about it, and simply was indifferent to Plaintiff's deteriorating medical condition. *See Adams v. Detella*, No. 98-1613, 2000 WL 1763342, at *4 (7th Cir. Nov. 22, 2000); *Ames v. Snyder*, No. 1:02CV04043, 2002 WL 31818985, at *7 (N.D. Ill. Dec. 13, 2002); *see also McGowan v. Hulick*, 612 F.3d 636, 639-41 (7th Cir. 2010). Accordingly, the motion to amend (Docket No. 75) will be GRANTED. The Second Amended Complaint will be FILED. The Clerk will be DIRECTED to issue process and the Marshal will be DIRECTED to serve Pruitt at the address provided by Plaintiff.

**B.     Plaintiff's Motion For An Injunction**

On September 13, 2010, the Court received from Plaintiff a request that the Court issue a temporary injunction against "the Richmond City Jail and the Defendants listed in case number 308cv603." Plaintiff has not attached a certificate of service to this request, explained why an

injunction would be appropriate, or what activity he would like the Court to enjoin. Accordingly, Plaintiff's motion for an injunction (Docket No. 82) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: OCT 1 9 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge